IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| MELISSA WALLACE, as | ) | |
| Administratrix Ad Litem | ) | |
| of the Estate of Tony | ) | |
| Ray Wallace, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 1:08cv1009-MHT |
| | ) | (WO) |
| MARK JACKSON, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION AND ORDER

Plaintiff Melissa Wallace, as administratrix ad litem

of the estate of her deceased husband, Tony Ray Wallace,

brings this lawsuit against defendant Mark Jackson, a

jailer at the Geneva County, Alabama Jail.  Mrs. Wallace

sues Officer Jackson in his individual capacity, alleging

that Jackson violated Mr. Wallace's Fourteenth Amendment

rights, as enforced through 42 U.S.C. § 1983, by

responding with deliberate indifference to the

substantial risk that Wallace would commit suicide and by

failing to stabilize him, administer CPR, or call for

medical assistance upon discovering that Wallace had hanged himself in his cell.  Mrs. Wallace also brings a state claim for wrongful death pursuant to § 6-5-410 of the 1975 Alabama Code.

## A.

This case is now before the court on Officer Jackson's motion for summary judgment.[1]  At a pre-trial conference held on September 17, 2010, the parties had a dispute as to the contents of Mrs. Wallace's state claim. Mrs. Wallace's counsel argued that the claim was intended to encompass both a theory of failure to prevent suicide and a theory of failure to provide adequate medical care.

---

1.   In an opinion and order dated September 29, 2009 (Doc. 17), Wallace v. Jackson, 667 F.Supp.2d 1267 (M.D. Ala. 2009), the court granted Officer Jackson's motion to dismiss Mrs. Wallace's 42 U.S.C. § 1983 claims to the extent they rested on the Eighth Amendment, and her § 1983 Fourteenth Amendment claim for deliberate indifference to the risk that Mr. Wallace would commit suicide.  Mrs. Wallace has asked, in a motion to amend, that the court reconsider its dismissal of the Fourteenth Amendment claim, an issue that the court will address when it rules on Officer Jackson's motion for summary judgment.

Officer Jackson's counsel maintained that the theory of failure to prevent Mr. Wallace's suicide was the only one that had been clearly made out.  The court agreed to take the matter under consideration and rule on whether the second theory of recovery would be allowed to go forward. Of course, should the court allow the second theory to go forward, there is the still the question of whether Officer Jackson's summary-judgment motion should be understood to address this second state theory as well.


B.

     The court concludes, for four reasons, that Mrs. Wallace has included in her state wrongful-death claim a theory of failure to provide adequate medical care. First, in the factual allegations of her initial complaint, she goes into detail as to how Officer Jackson allegedly failed to give Mr. Wallace the medical attention he needed after he was found hanging.   For

example, in the following paragraphs of her complaint she

alleges that:

> "143.   Jackson   did   not   call   or   have
> anyone call for medical help to assist
> with Tony.
>
> "144.   Even   though   Jackson   had   been
> trained in CPR and 'on what to do if a
> hanging is discovered,' Jackson did not
> attempt   to   stabilize   Tony   to   prevent
> further injury.
>
> "145.   The   Geneva   County   Jail   has
> protective  devices  used  to  administer
> CPR.
>
> "146.   Even   though   Jackson   had   been
> trained in CPR and on 'what to do if a
> hanging is discovered,' Jackson did not
> attempt to perform CPR on Tony."

In her original complaint, at ¶ 157, Mrs. Wallace then

incorporates these allegations into her state wrongful-

death claim.   It is therefore clear, based on these

incorporated detailed factual allegations of a failure to

provide adequate medical attention, that her state claim

includes    a    failure-to-provide-adequate-medical-care

theory.

Later, in an amended complaint, Mrs. Wallace goes
into even more detail as to how Officer Jackson allegedly
failed to give Mr. Wallace the medical attention he
needed after he was found hanging.  For example, in the
following paragraphs of her amended complaint she alleges
that:

> "124.   Cardiopulmonary   resuscitation
> (CPR)  has  become  one  of  the  major
> techniques used in saving lives.
>
> . . .
>
> "127. During the jail management course,
> jailers are instructed that if a person
> is found without respiration, without a
> pulse and bluish in color, CPR should be
> administered immediately.
>
> "128. Many persons once presumed to be
> 'dead' are alive today because CPR was
> started on them immediately.
>
> . . .
>
> "138. Jackson was also trained and it is
> jail policy that CPR should be continued
> until the EMTs arrive.
>
> "139.  Despite  his  training  and  in
> violation of jail policy, Jackson did
> not attempt to stabilize Wallace, call

an ambulance, administer CPR, or try to resuscitate Tony in any way.

"140. Jackson did not check or have anyone else check to see if the ambulance had left the parking lot.

"141. Jackson did not call or have anyone call to have the ambulance come back to assist Tony.

"142. If the ambulance had left the jail parking lot, it had only been gone a matter of minutes.

"143. Moreover, the hospital is just three to five minutes away by car.

"144. Jackson did not call or have anyone call for medical help to assist with Tony.

"145. Even though Jackson had been trained in CPR and on 'what to do if a hanging is discovered,' Jackson did not attempt to stabilize Tony to prevent further injury.

"146. The Geneva County Jail has protective devices used to administer CPR.

"147. Even though Jackson had been trained on CPR and on 'what to do if a hanging is discovered,' Jackson did not attempt to perform CPR on Tony."

In her amended complaint, at ¶ 158, Mrs. Wallace then incorporates these allegations into her state wrongful-death claim.  While there is an outstanding objection to the allowance of this amended complaint, the amended complaint was filed before Officer Jackson filed his summary-judgment motion and thus reinforces the conclusion that, at the time Officer Jackson filed his dispositive motion, Mrs. Wallace continued to want to include a failure-to-provide-adequate-medical-care theory.

Second, in her original complaint at ¶ 157 and in her amended complaint at ¶ 163, Mrs. Wallace alleges, in support of her state wrongful-death claim, that, "The Defendant Mark Jackson through his neglect, carelessness, and/or unskillfulness caused Tony Ray Wallace's death." This allegation is broad enough to include a failure-to-provide-adequate-medical-care theory.

Third, Mrs. Wallace's federal and state claims rely on the same factual allegations, and Officer Jackson

understood her federal claim to include theories of both
failure to prevent suicide and failure to provide adequate
medical care.  It therefore should come as no surprise to
Officer Jackson that the state claim would include both
theories as well.

Finally, Officer Jackson will not be prejudiced by
reading Mrs. Wallace's state claim to include a failure-
to-provide-adequate-medical-care theory.  It appears that
the same evidence developed in connection with Mrs.
Wallace's federal failure-to-provide-adequate-medical-care
theory is fully sufficient to address her state failure-
to-provide-adequate-medical-care theory.  (Indeed, for
this reason and so as to remove any ambiguity, the court,
with this order, now explicitly allows Mrs. Wallace to
amend her complaint to include this state theory.[2])

---

2.  Cf. Fed.R.Civ.P. 15(b)(1) ("If, at trial, a party
objects that evidence is not within the issues raised in
the pleadings, the court may permit the pleadings to be
amended.  The court should freely permit an amendment
when doing so will aid in presenting the merits and the
objecting party fails to satisfy the court that the
evidence would prejudice that party's action or defense
(continued...)

C.

There is still the question of whether Officer Jackson

should be allowed to test, with his summary-judgment

motion, Mrs. Wallace's second theory of wrongful death

under state law.   The court holds that he should be

allowed with his motion to test this theory as well.   The

court will therefore give both Mrs. Wallace and Officer

Jackson an opportunity, on the pending motion for summary

judgment, to address this theory.

*** 

Accordingly, it is ORDERED as follows:

(1) Plaintiff Melissa Wallace's state claim includes

both theories of recovery: failure to prevent suicide and

failure to provide adequate medical assistance.

(2) Defendant Mark Jackson's motion for summary

judgment (Doc. 42) is construed to apply to both theories.

---

2.   (...continued)
on the merits.   The court may grant a continuance to
enable the objecting party to meet the evidence.").

9

(3) Defendant Jackson is allowed until November 5, 2010, to submit a supplemental brief and evidence on this second theory of plaintiff Wallace's state claim. Plaintiff Wallace is allowed until November 19, 2010 to file an opposition to defendant Jackson's supplemental brief and evidence.  Defendant Jackson is allowed until November 29, 2010 to file a reply.

DONE, this the 25th day of October, 2010.

                    /s/ Myron H. Thompson
              UNITED STATES DISTRICT JUDGE